1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    HENRY A. JONES,                          CV F   05 307 AWI SMS P

10                          Plaintiff,

11        v.                                  ORDER DISREGARDING MOTION
                                              (Doc. 17.)
12    MILLIGAN, et. al.,

13                          Defendants.

14    _____/

15
16        Henry A. Jones ("Plaintiff") is a federal prisoner proceeding pro se in this civil action.

17   Plaintiff seeks relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of

     Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal
18
     actors.
19
20        Plaintiff filed the instant action on February 24, 2005.  On June 29, 2005, Plaintiff filed a

21   pleading he titled "Motion: Citizen Complaint Demand For Jury Trial."  In this document,

22   Plaintiff indicates that he filed a complaint against CDC personnel for conspiracy to cover up

     mail destruction and conspiracy to commit murder and makes a demand for a jury trial.  Plaintiff
23
     also attaches a copy of the complaint to the Motion.  However, other than his demand for a jury
24
25   trial, it is wholly unclear what the purpose of this Motion is.  To the extent the Motion seeks to

26   add new claims and defendants to the action, the Motion would be denied.  As a preliminary

27   matter, the events at issue in the Motion occurred after the filing of this action as they occurred

     on March 3, 2005 and thus, the claims appear to be unexhausted.
28

1

Thus, before filing an action in the U.S. District Court, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Booth v. Churner, 121 S.Ct. 1819 (2001); see also MacCarthy v. Madigan, 503 U.S. 140, 144-145, 112 S.Ct. 1081, 1086-87 (1992); Western Radio Services Co. v. Espay, 79 F.3d 896, 899 (9th Cir. 1996); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. § 542.10 et. seq.   Thus, any amendment of the new claims and Defendants to this action would result in their dismissal.

Accordingly, the Court HEREBY ORDERS:

1.      The "Motion: Citizen Complaint" is DISREGARDED.


IT IS SO ORDERED.

**Dated:   January 19, 2006**              _____/s/ Sandra M. Snyder_____
icido3                                  UNITED STATES MAGISTRATE JUDGE

2