# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, | CV F   05 307 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DISREGARDING MOTION<br>(Doc. 23.) |
| MILLIGAN, et. al., | |
| Defendants. | |

Henry A. Jones ("Plaintiff") is a federal prisoner proceeding pro se in this civil action. Plaintiff seeks relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

Plaintiff filed the instant action on February 24, 2005.  On June 29, 2005, Plaintiff filed a pleading he titled "Motion: Citizen Complaint Demand For Jury Trial." The Court issued an Order disregarding the Motion on January 20, 2006, and explained to the Plaintiff that he must exhaust all his administrative remedies with respect to claims he wishes to bring before the Court.

On February 21, 2006, Plaintiff filed a Motion requesting that he be brought before the Court.  Plaintiff also made a demand for a jury trial.

On March 17, 2006, Plaintiff filed a Motion for Clarification and Correction of the Court's Order disregarding the Motion concerning the "Citizen Complaint and Demand for Jury

1 Trial." The Court disregarded the Motion on July 21, 2006, and informed Plaintiff that it was
2 required to determine first whether the complaint stated cognizable claims for relief before the
3 Court would proceed with issuing a scheduling order. The Court also informed Plaintiff that it
4 would not issue Orders clarifying previous orders issued by the Court and that the repeated filing
5 of these motions for clarification merely delayed the resolution of his case.

6        On August 14, 2006, and despite the Court's previous orders, Plaintiff filed yet another
7 Motion entitled "Motion for Clarifying Documents and requesting a jury trial." Here, Plaintiff
8 again appears to be trying to inform the Court of his attempts at exhaustion as he attaches
9 numerous copies of letters to the Motion. As stated in the Court's prior order, the Court will not
10 issue orders further clarifying orders. Further, the Court merely informed Plaintiff that the
11 exhaustion requirement existed. The Order did not require Plaintiff to prove at this juncture
12 whether or not he had exhausted or what attempts he has made to exhaust. Until the Defendants
13 put exhaustion at issue, there is no need for Plaintiff to prove that he has exhausted.

14        Accordingly, the Motion for Clarification is DISREGARDED. Should Plaintiff continue
15 to file such motions addressing issues already discussed and resolved by the Court, the Court
16 wills summarily deny them.

17 IT IS SO ORDERED.

18 **Dated:   August 22, 2006**            **/s/ Sandra M. Snyder**
icido3                                    UNITED STATES MAGISTRATE JUDGE
19
20
21
22
23
24
25
26
27
28