# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES,<br><br>Plaintiff,<br><br>v.<br><br>MILLIGAN, et al.,<br><br>Defendants. | CASE NO. 1:05-cv-00307-SMS (PC)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Docs. 1, 25, and 30) |

## I. FINDINGS

### A. Procedural History

Henry A. Jones ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. On February 24, 2005, Plaintiff filed his original complaint. (Doc. 1.) At the time of filing his original complaint, Plaintiff was a federal prisoner in custody at the United States Penitentiary Atwater, in Atwater, California. On October 10, 2006, the Court issued an order dismissing Plaintiff's complaint for failure to state claims upon which relief could be granted and providing direction for Plaintiff's use in filing an amended complaint. (Doc. 25.) Plaintiff filed an amended complaint on December 14, 2006. (Doc. 30.)

### B. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**C. Plaintiff's Amended Complaint**

Plaintiff was imprisoned at United States Penitentiary Atwater, where the acts he complains of occurred. Plaintiff names Defendants: Christine Milligan; A.W. Grant; Warden Schultz; Brown; Arosco; and Chaplain Barns.

Plaintiff alleges that he gave Milligan a large amount of legal material to send to the California Supreme Court. Plaintiff states that Milligan then proceeded to throw it away. Plaintiff states that he asked A.W. Grant to remove him from Milligan's case load, but Grant never did. In response, Plaintiff alleges that he tried to commit suicide by slashing his wrists and taking a large amount of pills. Plaintiff claims a violation of his First, Eighth, and Fourteenth Amendment rights, as well as conspiracy. (Doc. 30, pp. 5-10.)

It should be noted that Plaintiff's complaint is written in a narrative form. Plaintiff also fails to link any specific actions of defendants Schultz, Brown, Arosco, or Barns to any constitutional violations. Plaintiff's amended complaint suffers from a number of deficiencies

which now require dismissal with prejudice.

**D. Plaintiff's Claims**

**1. *Access to the Courts***

Plaintiff appears to raise a claim for deprivation of access to the courts. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077. Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79.

Plaintiff has failed to allege that he was denied access to the court, or that he suffered an actual injury by being shut out of court. Plaintiff has thus not asserted a cognizable claim.

**2. *Property Deprivation/Destruction***

Plaintiff alleges that his personal property was destroyed. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized,

intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991) ("Although *Hudson* involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment."). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. California law provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Plaintiff alleges that this deprivation was unauthorized because Plaintiff is entitled to access to the court. Pursuant to Hudson, this does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment. This Court finds that Plaintiff will be unable to state a cognizable claim for deprivation of property.

**3. *Cruel and Unusual Punishment***

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently

substantial 'risk of serious damage to his future health ... .'" Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37. The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

Plaintiff alleges that his suicide attempt was a result of Milligan's destruction of his legal material and Grant's refusal to remove him from Milligan's case load. Plaintiff's allegations are insufficient to give rise to any claims for relief against the named defendants. The specific conduct which he alleges violated his constitutional rights does not rise to the level of deliberate indifference to a serious threat to Plaintiff's safety. Plaintiff thus fails to assert a cognizable claim for an Eighth Amendment violation.

**4. *Conspiracy***

An actionable Bivens conspiracy claim requires (1) the existence of an express or implied agreement among the defendants to deprive the plaintiff of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement. Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim

Plaintiff merely alleges a conspiracy by the staff members. This is not sufficient for a conspiracy claim against the defendants. Plaintiff has also failed to allege that defendants committed any cognizable constitutional violations against Plaintiff. Plaintiff thus fails to state a cognizable claim for conspiracy to violate Plaintiff's constitutional rights.

**II. ORDER**

The Court finds that Plaintiff has failed to state a claim against any of the named defendants. Accordingly, it is HEREBY ORDERED that this entire action be dismissed with prejudice.

IT IS SO ORDERED.

**Dated: October 17, 2008**

**/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE